IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| CHARLES R. LUESSENHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 02-298 |
| | ) | Civil Action No. 03-458 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court for a status conference. The government has submitted a Memorandum filed in anticipation of an evidentiary hearing that is scheduled in this matter. The Memorandum raises several issues to be determined in advance of the evidentiary hearing.

### **I.  Background**

On May 10, 2002, Petitioner, Charles Luessenhop, appeared before this Court and entered a preindictment plea of guilty to a one-count criminal information alleging a conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The plea was based on false statements made for the purpose of obtaining mortgages insured by the United States Department of Housing and Urban Development ("HUD") on two real estate properties. When the buyers of these properties defaulted, HUD paid the mortgages and resold the properties. In Petitioner's plea agreement in this case, no loss amount was stipulated.

At the sentencing hearing, Petitioner's former counsel, James C. Clark, argued that the loss amount established in the presentence report was not reasonably foreseeable to Petitioner due to HUD's resale of the properties at amounts below market value. The Court rejected this contention under *United States v. McCoy*, 242 F.3d 399, 404 (D.C. Cir. 2001), which held that the loss calculation from a fraudulent Small Business Administration ("SBA") loan application should be based on the actual sale price of the collateral and not the alleged potential sale price. The Court then calculated a loss amount of $223,816.77 by subtracting the HUD resale prices from the amount of money HUD paid to satisfy the mortgages and adding fees incurred.[1] The resale prices had been set by HUD as a result of two appraisals.

Petitioner then filed a Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 19, 2004, this Court denied the Motion, holding, *inter alia*, that the government did not fail to produce exculpatory evidence, that Clark did not provide ineffective assistance of counsel in advising Petitioner to plead guilty, and that Clark did not provide ineffective assistance of counsel at the sentencing stage. *See United States v. Luessenhop*, No. 02-298, slip op. (E.D. Va. July 19, 2004). The Fourth Circuit vacated this

---

[1] The $223,816.77 constituted the amount of Petitioner's restitution obligation in this case, which he has satisfied.

Court's Order in part, remanding for an evidentiary hearing on Petitioner's claim that he received ineffective assistance of counsel at sentencing.  *United States v. Luessenhop*, 143 Fed. Appx. 528, 531 (4th Cir. 2005).  The Fourth Circuit denied a certificate of appealability as to each of Luessenhop's other claims.  *Id.* at 529.  In anticipation of the evidentiary hearing, the government has raised several questions, which are now before the Court.

## II.  Analysis

Petitioner's claim to ineffective assistance of counsel at sentencing is premised on Clark's failure to argue the applicability of an exception to the *McCoy* rule, which the Court relied upon in rejecting Petitioner's arguments at sentencing. This exception holds that the *McCoy* "actual sale price" rule does not apply where the weight of the evidence suggests that the liquidation sales were not at arms length or were the result of fraud or misconduct.  *See McCoy*, 242 F.3d at 404.  Throughout these proceedings, Petitioner has maintained that Clark's failure to argue that the appraisal values were fraudulently depressed constituted ineffective assistance of counsel.  It is this specific question that the Fourth Circuit has remanded for an evidentiary hearing.

Based on its interpretation of the Fourth Circuit's opinion in this case, the government has asked the Court to

specify the evidence that Petitioner may present at the hearing and to define the remedies that Petitioner may seek.

A.  The Appraisals

According to the Fourth Circuit, "Luessenhop's evidence is sufficient to require a hearing to determine whether the appraisals were fraudulent." *Luessenhop*, 143 Fed. Appx. at 531. The Fourth Circuit remanded on no other basis.  Accordingly, to be entitled to relief, Petitioner must establish that the exception to the *McCoy* "actual sale price" rule applies.  In other words, Petitioner must establish that the appraisals were not at arms-length, were the result of fraud or misconduct, or were otherwise a sham.  The government has expressed its concern that Petitioner will offer evidence that other appraisers would have reached different values.  While the Court will not determine at this point that such evidence is inadmissible, Petitioner is cautioned that such evidence will likely be inadequate by itself to establish the *McCoy* exception.  *See McCoy*, 345 F.3d at 404 (declining, in the absence of fraud or misconduct, to offset the loss calculation by an amount that "SBA could reasonably have expected to recover").

According to the government, Petitioner must establish not only that the appraisals were fraudulent, but also that HUD had knowledge of the fraud or misconduct.  The Court is inclined to agree.  *McCoy* itself emphasized that there was no evidence

"that the liquidation sale was a sham, or that the SBA artificially depressed the value of the recovery." *McCoy*, 242 F.3d at 404.  This language contemplates some sort of complicity on the part of the government agency.  Moreover, the Fourth Circuit's discussion of *McCoy* expressly assumes "fraud on the part of the government." *Luessenhop*, 143 Fed. Appx. at 530. While this Opinion should not be construed as a ruling on the sufficiency of Petitioner's evidence, the parties are advised that at the evidentiary hearing, Petitioner should present evidence: 1) that the appraisals were not at arms length, were the result of fraud or misconduct, or were otherwise a sham; and 2) that HUD knew of the fraudulent nature of the appraisals.

B.  Evidence of Clark's Representation

According to the government, Petitioner should be required to prove that the appraisals were fraudulent before presenting evidence that Clark's representation "fell below an objective standard of reasonableness," the first prong of the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The government argues that "if the appraisals were not fraudulent, then Mr. Clark can hardly be faulted for not advancing such an argument."  (Gov't Mem. at 2.)  While the Court agrees with this proposition as a matter of common sense, it is aware of no authority and finds no basis in the Fourth Circuit's

opinion to restrict in this manner Petitioner's presentation of his case-in-chief.

C.  <u>Petitioner's Remedy</u>

Petitioner continues to maintain that his guilty plea was the product of his counsel's ineffective assistance and to request that his sentence be vacated and the judgment against him set aside.  As previously noted, Petitioner has raised this contention throughout the § 2255 proceedings.  This Court has previously denied relief on that ground, and the Fourth Circuit denied Petitioner's request for a certificate of appealability with respect to that issue.  Accordingly, Petitioner's guilt of the underlying offense is no longer at issue in these proceedings.  The only remedy available to Petitioner, should he prevail at the evidentiary hearing, is an adjustment in the amount of his restitution obligation.

### III.  Conclusion

For the foregoing reasons, the Court informs the parties that Petitioner should present evidence that the HUD appraisals were not at arms length or were the result of fraud or misconduct and that HUD knew of the fraudulent nature of the appraisals.  The Court will not require Petitioner to establish that the appraisals were fraudulent before presenting evidence regarding Clark's representation.  Should Petitioner prevail at

the evidentiary hearing, the only remedy available to him is an adjustment in the amount of his restitution obligation.


January 13, 2006                  _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE